11236.   HEER *v.* HINES, director-general.

The contractor's stipulated commission on the cost of work and material was not recoverable under the terms of the contract and the undisputed evidence, as to the pipe covering in question, which was furnished and installed by another; and the court did not err in directing a verdict against his claim of commission as to that part of the work and material.

DECIDED JANUARY 25, 1921.

Complaint; from city court of Atlanta — Judge Reid.   October 25, 1919.

A commission of 15 per cent. on the cost of the entire work and material was claimed by Heer as his compensation under a contract with the Federal director-general of railroads for the installation of steam mains, etc., at the Atlanta Terminal Station, although he did not furnish or install certain pipe covering provided for in his contract, this pipe covering being furnished and installed by the Campbell Company. It was contended on the part of the director-general that under the terms of the contract the Federal manager had the right to change it as to the amount of work to be performed by Heer, and did change it by withdrawing from performance by him the part of the work which was done by the Campbell Company. Heer sued the director-general for a balance alleged to be due on a commission of 15 per cent. on the entire cost, and on the trial the court directed a verdict for the plaintiff for a sum which did not include a commission on this part of the work, the court holding that " under the written contract between the parties, the plaintiff was not entitled to recover for or on account of the pipe covering furnished and installed by the Campbell Company." The plaintiff excepted, contending that the court erred in so holding, and that the case should have been submitted to the jury.

The contract in question provides that " in consideration of the payments hereinafter mentioned, to be made by the second party, the first party agrees to prosecute the following work," describing it. Paragraph 5 provides that the party of the second part (designated as " the Atlanta Terminal") shall " reimburse the contractor for expenditures " for material, supplies, labor, etc., specified; and paragraph 6 provides that " to the cost of the work as outlined in paragraph 5 there will be added 15%," to include profit, etc. Paragraph 3 provides: " The Federal Manager may, at any time, by written notice, make such changes in the amount of work to be done or in the quality of material to be used as the interests of the work or of the Federal Manager may in his opinion require. . . If the quantity of the work is decreased, either by elimination or by prosecution on the part of the Terminal with its own employees, or through others, the contractor shall accept compensation for the work actually performed upon the basis of pay-

ment specified in paragraphs 5 and 6. . . . The Federal Manager may terminate this contract at any time by giving the contractor five days notice in writing of such termination, and the Terminal will assume such approved obligations as the contractor has undertaken prior to the receipt of such notice. The contractor agrees to co-operate in bringing about such termination. The contractor shall accept compensation for the work actually performed, and for obligations incurred, on the basis of payment specified in paragraphs 5 and 6." Paragraph 8 provides: "The Federal Manager reserves the right to furnish any material or supplies, and the contractor's profit shall be based on the cost to the Terminal." The written notice provided for, as to change or termination of the contract, was not given to the contractor. The defendant contended that "the evidence of the plaintiff showed that he waived such notice and acquiesced in the Federal manager having this work done by the Campbell Company instead of by the employees of the contractor."

The plaintiff testified, that he was not told at any time before the pipe covering was put on that it was going to be taken out from the contract and that his commission would not be paid on it; the first time he knew that he was not going to receive the 15% on it was when he asked for his final statement. He was present at the Terminal Station a part of the time when the pipe covering was being put on,— as often as two or three times a week, —until he went to Baltimore, but did not furnish any of the material or the labor for putting it on, and did not superintend that work. He knew that the pipe covering was put on by labor not furnished by him. While that work was in progress he went to Baltimore and stayed three or four weeks. All of the other work had been finished before the pipe covering was put on. The pipe covering was finished after he "got away from the Terminal Station the last time," and he thought it was before his return from Baltimore. After his return from Baltimore he asked for his statement, and Mr. Morgan, the defendant's engineer in charge of the work, told him, in regard to his claim of a commission on the pipe covering, that "there was no commission in it." The witness added: "He said that he did not think it was a part of my job. . . He just said he didn't think it was in the contract, that I didn't have any-

thing to. do with it. That is the reason he gave for not paying me for it." No evidence was introduced by the defendant.

*Johnson & Scott,* for plaintiff.

*Albert Howell Jr., Arthur Heyman,* for defendant.

LUKE, J. The action was for commissions on certain work alleged to have been performed by the plaintiff under a contract with the defendant. After hearing the evidence and upon a construction of the contract, the court directed a verdict in favor of the plaintiff for a part of his claim, and a verdict in favor of the defendant for the remainder of the claim. Under the terms of the contract and the evidence of the plaintiff, there was but one verdict that could have been rendered. It was not error for the court to direct a verdict in favor of the plaintiff for $244.29, and to direct a verdict in favor of the defendant for the remainder of the sum claimed to be due by the plaintiff. There was no reversible error upon the trial.

*Judgment affirmed. Broyles C. J., and Bloodworth, J. concur.*